**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BERNARDO ALVAREZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **STAR AUTO REPAIRS & BODY SHOP INC.** | ) |
| **and AKRAM CHAUDHRY, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Bernardo Alvarez by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Star Auto Repairs & Body Shop Inc. and Akram Chaudhry, individually, (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Bernardo Alvarez resides and is domiciled in this judicial district.

6. Plaintiff Bernardo Alvarez is a former employee of Defendants. He was employed by Defendants as a "body man" at Defendants' business located at 5000 North Clark Street, Chicago, Illinois. During the course of his employment, Plaintiff Alvarez handled goods that moved in interstate commerce, including, but not limited to: exterior car paint, paint spray guns, motorized sanders, and exterior car parts.

7. Defendant Star Auto Repairs & Body Shop Inc. (hereinafter "Star Auto") is a corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Star Auto was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Akram Chaudhry is the President of Star Auto and is involved in the day-to-day business operation of Star Auto. Among other things, Defendant Akram Chaudhry has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Akram Chaudhry hired Plaintiff to work at Star Auto as a body man.

11. Defendant Akram Chaudhry was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

12. Upon information and belief, Defendant Akram Chaudhry resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

13. Defendants operate an auto repair shop in Chicago, Illinois.

14. Defendant Star Auto is located at 5000 North Clark Street, Chicago, Illinois.

15. Plaintiff Alvarez worked as a "body man" for Defendants. His responsibilities included: sanding the body of vehicles; fitting and installing parts to the exterior of vehicles; priming and painting surfaces using paint spray guns and/or motorized sanders; removing damaged sections; and filling dents, filing, grinding, sanding, and smoothing vehicle surfaces.

16. Plaintiff worked for more than two years for Defendants and his last day of work for Defendants was March 15, 2020.

17. For the majority of time Plaintiff worked for Defendants he was paid $750.00 for 60 hours of work per week.

18. Defendants paid Plaintiff in cash.

19. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.)

20. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked for Defendants.

21. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

26. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

27. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

    WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

        A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

        B.    Liquidated damages in an amount equal to the amount of unpaid overtime

compensation found due;

C.  Reasonable attorney fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.)

30. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

31. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

32. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

33. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

34. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff is entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

35. Defendants failed to pay Plaintiff one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

36. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff

at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

37. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorney fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 24, 2020     **BERNARDO ALVAREZ**

By: _s/Carlos G. Becerra
  One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com